[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Criminal Appeal From Hamilton County Court of Common Pleas, Trial No. B-0101787.
Affirmed.
 DECISION
{¶ 1} In this, his third appeal, defendant-appellant Jeffrey Allen Clark appeals his second resentencing for robbery. (He was originally also sentenced for other offenses of which he had also been found guilty, but those sentences were affirmed upon his earlier appeals and thus are not at issue here). This time, we affirm.
 {¶ 2} Clark was sentenced in June 2001 and the trial court imposed the maximum prison term of five years on the robbery charge. Clark appealed. We affirmed the finding of guilt, but vacated the sentence and remanded for resentencing because the trial court had made none of the required sentencing findings to justify the maximum term.[1] On remand, Clark again received the maximum sentence. He appealed once more, and we again vacated the sentence, this time because the trial court had failed to consider Clark's motion for the substitution of counsel.[2]
 {¶ 3} After the second remand, the twice-reversed judge had retired, and a new judge appointed new counsel. The new judge not only complied with the sentencing guidelines, but also imposed a term of four years instead of five. Clark appeals again.
 {¶ 4} On appeal, Clark's counsel filed a brief in accordance with Anders v. California,[3] stating that counsel had conscientiously reviewed the record and could discern no reversible error in the proceedings in the trial court. Consequently, counsel seeks to withdraw from representation and has requested that this court, consistent with Anders, independently review the record to determine whether the proceedings below were free from prejudicial error.
 {¶ 5} Counsel, as required by Anders, has given Clark an opportunity to provide grounds for this appeal. Clark states that the trial court did not inquire into whether his motion for substitution of counsel should be granted, and that the trial court appointed new counsel with no prior knowledge of the case and without Clark's consent. Clark further claims that he was not adequately represented at resentencing because his new counsel did not have proof of Clark's accomplishments and good record while incarcerated. Clark also argues that the trial court did not properly take into consideration his mental state at the time of the robbery and improperly relied on the fact that Clark had not completed the Prospect House treatment program in 1998.
 {¶ 6} At the resentencing hearing, Clark's newly appointed counsel offered numerous mitigating circumstances to the court. Counsel asked the court to consider Clark's psychiatric problems and medication at the time of the robbery. Counsel further pointed out that Clark had held the same job for over a year while incarcerated, and disclosed to the trial court Clark's good behavior, his progress in prison, and the fact that he was sorry for the impact that his crime had had on the victim.
 {¶ 7} Clark himself also spoke at resentencing. He reiterated that he was not psychologically well at the time of the robbery, that he had made significant progress while incarcerated and was no longer depressed or on any drugs, and that Jesus Christ had come into his heart.
 {¶ 8} The trial court stated at resentencing that Clark had been on court or post-release control at the time of the robbery, had had prior delinquencies or convictions that had led to unsuccessful rehabilitations, and had shown a pattern of drug or alcohol abuse related to the offense that he had refused to acknowledge or for which he had refused treatment. In support of this last factor, the court noted that Clark had dropped out of the Prospect House program, and that he had committed multiple driving-under-the-influence offenses.
 {¶ 9} Clark's arguments regarding his new counsel are without merit. While defendants generally have the right to the counsel of their choice, indigent defendants are not entitled to choose their own lawyers at the taxpayers' expense.[4] The trial court made all the appropriate findings on the record and appeared, by reducing the sentence by a year, to have given due consideration to Clark's mitigating circumstances.
 {¶ 10} Clark has also filed a separate, pro se brief in this appeal. His arguments are essentially the same as those mentioned in the Anders brief. But he specifically argues that we must vacate his sentence because the court improperly considered his failure to complete a 1998 drug program. Clark cites several cases to support his argument that he was denied due process when the court considered as a sentencing factor his failure to complete the treatment program.[5] But these cases involved a trial court's reliance on prior convictions that either never occurred or were later determined to be unconstitutional, and thus they concern only sentences founded on misinformation of a constitutional magnitude.[6]
 {¶ 11} The trial court considered Clark's failure to complete the treatment program as indicating a pattern of alcohol or drug abuse and a failure to acknowledge the problem. The court used this factor to determine Clark's likelihood of recidivism. But the trial court also considered Clark's multiple driving-under-the-influence convictions under the same factor. We cannot say that the trial court's reliance on Clark's failure to complete the treatment program was a due-process violation.
 {¶ 12} We have reviewed the entire record, and we concur in counsel's conclusion that the proceedings below were free of error prejudicial to Clark. We therefore overrule counsel's motion to withdraw from his representation of Clark, and we affirm the judgment of the trial court.
 {¶ 13} We go on to note that, in fact, Clark should be satisfied that the system worked for him. This court reversed his original sentence not once, but twice. He has had two trial counsel, two different trial judges, three appellate counsel, and a total of five appellate judges review his sentence. He received a reduced sentence the last time. Clark has had his days, weeks, months, and years in court.
Judgment affirmed.
Winkler, P.J., and Sundermann, J., concur.
[1] See State v. Clark, 1st Dist. No. C-010532, 2002-Ohio-3135.
[2] See State v. Clark, 1st Dist. No. C-020550, 2003-Ohio-2669.
[3] (1967), 386 U.S. 738, 87 S.Ct. 1396.
[4] See State v. Gordon, 149 Ohio App.3d 237,2002-Ohio-2761, 776 N.E.2d 1135, citing State v. Murphy,91 Ohio St.3d 516, 2001-Ohio-112, 747 N.E.2d 765.
[5] See, e.g., United States v. Tucker (1972),404 U.S. 443, 92 S.Ct. 589; Townsend v. Burke (1948), 334 U.S. 736,68 S.Ct. 1252.
[6] See United States v. Tucker (1972), 404 U.S. 443,92 S.Ct. 589.